UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLEVELAND KEALOHAPAUOLE, | Case No. 21-12237 |
| Plaintiff, | Robert H. Cleland |
| v. | United States District Judge |
| CORRECTIONAL OFFICER ITOE, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____ / | |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 29)**

Plaintiff moved for appointment of counsel on May 11, 2023. In support of his motion, he states that Defendant's motion for summary judgment was denied, he unable to afford to counsel, his imprisonment will limit his ability to litigate and investigate, the issues in the case are complex, he has limited access to the law library, and counsel will be better able to present evidence and cross-examine witnesses at trial. (ECF No. 29).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs*., 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel

in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

There is one defendant and the claims against him are not exceedingly complex. Plaintiff's filings show he has an adequate understanding of litigation. Though Defendant's summary judgment motion was denied, that motion concerned whether Plaintiff exhausted his administrative remedies; it did not concern the merits of his case. Further, the difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional

circumstance."). Plaintiff has all the discovery tools available to him, including mailing requests for admission, interrogatories, and requests for documents to the defendants. The defendant will have to respond to proper discovery requests. As for Plaintiff's limited access to the law library, should Plaintiff require more time to file a motion or to respond to one, he may file a simple motion to extend his deadline.

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 29) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion if circumstances change, such as defeating or succeeding on a dispositive motion (e.g., a motion for summary judgment).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: May 16, 2023                           s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 16, 2023.

                                             s/Kristen MacKay
                                             Case Manager
                                             (810) 341-7850